**CLARK v. MATTHEWS et al. (No. 7978.)**

Court of Civil Appeals of Texas. San Antonio. April 4, 1928.

**1. Insane persons &#9901;14—Commitment of alleged insane person, not present in court in person or by attorney, held defective (Laws 1925, c. 174, §§ 8–10).**

Where alleged insane man was taken into custody by virtue of complaint filed by sheriff and adjudged to be lunatic without being present in person or by attorney, although he demanded that he be permitted to obtain counsel, *held*, on habeas corpus, that commitment was defective, under Laws 1925, c. 174, §§ 8–10, providing manner in which commitment could be obtained.

**2. Insane persons &#9901;7—In proceedings to commit for insanity, alleged lunatic may insist upon compliance with every form enacted for preservation of his liberty.**

In proceedings to commit alleged insane man, he or his friends have right to insist upon compliance with every form prescribed by law, which has been enacted for protection and preservation of his liberty.

**3. Habeas corpus &#9901;100—In habeas corpus to determine whether one committed as insane was unlawfully restrained, court cannot inquire into sanity of detained person.**

In habeas corpus to determine validity of commitment to state hospital for insane, question being whether committed man was unlawfully restrained of his liberty, court had no right to inquire into sanity or insanity of detained person, at any time before or after he was placed in custody.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Application for a writ of habeas corpus by Mrs. Johnnie Culpepper, to be directed against H. H. Matthews and others, to have M. D. Clark brought before the court. The writ was granted, Clark was remanded to custody, and

---

an appeal was taken. Reversed, with directions.

Atlas Jones, of Uvalde, for appellant.

Ditzler H. Jones, of Uvalde, for appellees.

FLY, C. J. Mrs. Johnnie Culpepper, feme sole, applied to the district court for a writ of habeas corpus to have M. D. Clark, who, she alleged, was illegally restrained of his liberty by H. H. Matthews, sheriff of Uvalde county, and Dr. W. J. Johnson, superintendent of the San Antonio State Hospital, brought before the court. The writ was granted. The sheriff answered that he, at one time, had Clark in his custody, but had placed him in the custody of Dr. W. J. Johnson, superintendent of the San Antonio State Hospital for the Insane, under and by virtue of a commitment in a case in which said Clark had been adjudged a lunatic in the county court of Uvalde county. Dr. Johnson answered that he was holding Clark in the state hospital by virtue of the commitment of said county court. He attached copies of all proceedings in the county court to his answer. The district judge heard the evidence and rendered judgment that M. D. Clark was in the legal custody of Dr. Johnson, superintendent of the San Antonio State Hospital, at San Antonio, Tex., and Clark was remanded to his custody.

Clark was taken in custody on September 12, 1927, by virtue of a writ issued under a complaint of lunacy made by the sheriff of Uvalde county, and was tried and convicted of lunacy on September 13, 1927.

[1] The present law as to insane persons was enacted by the Thirty-Ninth Legislature and approved by the Governor on April 4, 1925, and went into effect 90 days after adjournment, which adjournment occurred on March 19, 1925. That law was in effect on September 12, 1927, when Clark was placed in jail by virtue of a complaint made by the sheriff of Uvalde county. Under the law of 1925, section 8 of the act (chapter 174), it is provided that an insane person, not held on a criminal charge, may be committed to and confined in an institution for the custody of persons suffering from "mental illnesses" upon an order made by a county judge of the county in which the insane person "resides or may be," adjudging such person to be insane, upon a certificate of insanity made by two properly licensed and qualified physicians, accompanied by a verified petition therefor, "or upon such certificate and petition and after a hearing to determine such question as hereinafter provided." In section 9 of the act it is provided:

"No person shall be committed to any institution for the treatment of the insane and other mentally ill persons, unless there has been filed with the county judge a certificate of the insanity of such person by two properly qualified and licensed physicians, nor without an order therefor, signed by the county judge, stating that he finds that the person committed is insane," etc.

The inapt language used in the section quoted might lead to the conclusion that the commitment could be made on an ex parte hearing of the certificate by the county judge, but section 10 makes provision for a trial by jury, if demanded. The statute was not complied with in the case of M. D. Clark, but, on the other hand, he was taken into custody by virtue of a complaint filed by the sheriff and was adjudged to be a lunatic without being present in person or by attorney and was sent under a defective commitment to the hospital for insane persons at San Antonio. To meet the opinions in White v. White (Tex. Civ. App.) 183 S. W. 369, Loving v. Hazelwood (Tex. Civ. App.) 184 S. W. 335, and White v. White, 108 Tex. 570, 196 S. W. 508, L. R. A. 1918A, 339, jury trial is provided for in the act of 1925. Clark demanded that he be permitted to obtain the services of an attorney, but that was denied him, and while he was incarcerated in the jail he was tried as to his mental state and placed in an asylum for the insane.

[2, 3] The Constitution and laws of Texas jealously protect the liberties of the citizens of the commonwealth, and throw about each citizen, sane or insane, the safeguards of being heard in person or by attorney, or by both, before a jury of his countrymen. If the rights of any class of persons should be more closely and sacredly guarded than another, it is that unfortunate individual who, rightfully or wrongfully, is charged with having a mind diseased or a reason dethroned. The unfortunate or his friends have the right to insist upon compliance with every form prescribed by law, which has been enacted for the protection and preservation of his liberty. Those forms have not been observed in this instance, and, the only question before the trial court being whether he was unlawfully restrained of his liberty, the court had no right to inquire into the sanity or insanity of the detained person, at any time before or after he was placed in custody.

The judgment will be reversed, and it is the order of this court that M. D. Clark be discharged from his unlawful restraint and confinement in the San Antonio State Hospital by the superintendent of that institution, unless proceedings be at once instituted to adjudge said Clark a person of unsound mind according to the terms of the statute, in which event said Clark shall be placed in the custody of any person authorized to take charge of him by the county judge of Uvalde county.