**BRYSON v. KARSLAKE.**

No. 4462.

Court of Civil Appeals of Texas. Texarkana.

May 19, 1934.

Rehearing Denied May 24, 1934.

F. H. Prendergast, of Marshall, and George Prendergast, of Longview, for appellant.

Scott & Hall, Cary M. Abney, and M. M. O'Banion, all of Marshall, for appellee.

SELLERS, Justice.

This suit was brought in the district court of Harrison county by Laverne Karslake against John S. Bryson to cancel two deeds executed by Mrs. Ina Karslake, conveying certain land in that county. The suit, in so far as it sought to cancel one of the deeds, was abandoned and this appeal involves only the deed conveying 306 acres of land, the same being the separate property of Mrs. Karslake.

Mrs. Ina Karslake was the wife of Arthur Karslake and they resided in Harrison county on and prior to March 25, 1913. Just prior to this date Arthur Karslake was arrested and placed in jail in Dallas, Tex., charged with a criminal offense committed in Louisiana. Mrs. Ina Karslake, joined by her husband, on the above date conveyed by warranty deed the 306 acres of land here involved to W. W. Nelms and A. U. Puckett, lawyers of Dallas, as a fee to represent her husband in the case. On October 13, 1913, Nelms & Puckett conveyed the land by warranty deed to H. Bryson and John S. Bryson, and thereafter H. Bryson conveyed his interest to John S. Bryson, and he has at all times since been in possession of the land, using and enjoying the same and paying all taxes thereon.

Arthur Karslake and his wife were divorced in 1920 and a short time thereafter in the same year Arthur Karslake died, and Mrs. Ina Karslake died in 1928. Laverne Karslake, the son of Arthur and Ina Karslake, being a minor at the time of his mother's death, had his disabilities of minority removed, and on January 4, 1930, filed this suit seeking to cancel the deed to Nelms & Puckett executed by his mother, on the ground that she was insane at the time she executed the deed, and further alleged that she remained insane until her death. John S. Bryson answered by general demurrer and general denial, and also alleged that he was an innocent purchaser for value; limitation of 3, 4, 5, and 10 years, and further alleged that if Mrs. Karslake was insane at the time she executed the deed, she regained her right mind a short time thereafter and ratified the deed. The court heard the evidence and submitted the following charge to the jury:

"To aid you in answering the following questions, I give you the following definition:

"By the term 'unsound mind' is meant the condition of the mind of a person when he has not the ability to transact the ordinary affairs of life, to understand their nature and effect, and exercise his will in relation to them.

"No. 1: Do you find from a preponderance of the evidence in this case that on March 25, 1913, the date Mrs. Ina Karslake executed the deed in Dallas, Texas, to the 306 acres involved, that she was a person of unsound mind?"

Answer: "Yes."

"No. 2: Do you find from a preponderance of the evidence in this case that Mrs. Ina Karslake was restored to her right mind at any time after May 20, 1920, and before the 4th day of January, 1925?"

Answer: "Yes."

"No. 3: Do you find from a preponderance of the evidence in this case that Mrs. Ina Karslake was restored to her right mind any time after May 20, 1920, and before the 4th day of January, 1924?"

Answer: "No."

Upon the jury's answer to the issues submitted, the court entered judgment for the plaintiff, Laverne Karslake, canceling the deed and decreeing that Karslake recover the title and possession of the land conveyed by the deed to Bryson. From this judgment the defendant, Bryson, has duly prosecuted this appeal.

Appellant's first and second assignments of error assert that there is no evidence in the record that Mrs. Ina Karslake was insane on the date the deed was executed, and if there was any evidence, it is in-

sufficient as a matter of law to support the jury's finding. We have carefully reviewed all the evidence and have concluded the assignments must be overruled. Without undertaking to set out the evidence in detail, we would say that it consists chiefly of the testimony of nonexpert witnesses, detailing particular acts of misconduct which occurred both before and after the date of the deeds such as attempted suicide and threats of taking the life of her child, etc. And after detailing such acts of misconduct, the witnesses were permitted to give their opinions as to whether she was sane or insane. This character of evidence has been held to be admissible to prove insanity. 24 Tex. Jur. § 42, p. 245. And on the authority of Jackson v. Watson (Tex. Com. App.) 10 S.W.(2d) 977, we cannot say that the evidence offered on this trial was insufficient to support the jury's finding that Mrs. Ina Karslake was insane on March 25, 1913, when she executed the deed, notwithstanding there may be no evidence of her insanity on the very date of the deed.

Appellant's third assignment of error complains of the refusal of the trial court to give his special charge No. 4. The case was submitted to the jury upon special issues, and general charges such as these requested by appellant are not proper and should not be given by the court to the jury.

■■ It is also contended by appellant that the uncontroverted evidence shows that Mrs. Karslake regained her right mind more than five years before this suit was brought, and therefore appellant's title under the five-year statute of limitation (Rev. St. 1925, art. 5509), should have been sustained. It having been established that Mrs. Karslake was insane on March 25, 1913, the presumption is that such condition continued. Rowan v. Hodges (Tex. Civ. App.) 175 S. W. 847. And the burden was upon appellant to show that sanity had been in fact restored. 24 Tex. Jur., § 35, p. 417. Appellant made no request of the court for an issue on this point to be submitted to the jury, and, therefore, if the evidence offered by appellant raised an issue as to whether Mrs. Karslake's mind had been restored after March 25, 1913, other than the issues submitted by the court in its main charge, such issue was waived by appellant's failure to request the submission of such issue.

Under the conclusions reached, Mrs. Ina Karslake was at all times after March 25, 1913, insane, and adverse possession in appellant's favor never began to run, and therefore his pleas of limitation will not avail him any relief.

Believing that there is no reversible error in the record, the judgment will be affirmed.