## CONSOLIDATED UNDERWRITERS v. HUBBARD.

### No. 3196.

Court of Civil Appeals of Texas. Beaumont.
July 7, 1937.

Rehearing Denied July 14, 1937.

Andrews, Kelley, Kurth & Campbell and Daffan Gilmer, all of Houston, for appellant.

Glenn Faver, of Jasper, and Barnes & Barnes, of Beaumont, for appellee.

O'QUINN, Justice.

This case arose under the Texas Workmen's Compensation Law (Vernon's Ann. Civ.St. art. 8306 et seq.). Kirby Lumber Company was the employer, Obie Hubbard the employee, and Consolidated Underwriters the compensation insurance carrier. In March, 1936, appellee while in the course of his employment received an injury for which he made application for compensation before the Industrial Accident Board. The board refused appellee compensation, and after giving due notice appellee filed this suit to set aside that ruling.

The case was tried to a jury upon special issues, upon their answers to which judgment was rendered for appellee setting aside the ruling of the board refusing compensation to appellee, and awarding him compensation in the sum of $2,360.43 to be paid in a lump sum, together with 6 per cent. interest thereon from the date of the judgment until paid. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant's first proposition reads: "Inasmuch as the record conclusively reflects that the only claim of plaintiff pre-

sented to and acted upon by the Industrial Accident Board was with respect to an accidental injury of March 16, 1936, it was mandatory on the court to renounce jurisdiction to adjudicate the consequences of any accidental injury except that of March 16, 1936; and inasmuch as the undisputed evidence, as well as the finding of the jury, establishes that the employment of plaintiff definitely terminated on March 9, 1936, and was never thereafter resumed, the court could make no disposition of that portion of the plaintiff's pleaded cause of which it enjoyed jurisdiction except to enter judgment for defendant".

The above proposition, and the assignments (six of them) upon which it is based, grew out of these facts: Appellee's notice of injury dated May 9, 1936, and received by the Industrial Accident Board on May 14, 1936, states that he received his injury at 3 o'clock p. m. on March 16, 1936. His claim for compensation, likewise dated May 9, 1936, and received by the board on May 14, 1936, stated the injury was received at 3 o'clock p. m. March 16, 1936. In his petition to set aside the ruling of the board refusing him compensation and to recover compensation, he alleged the injury to have been received by him on or about March 9, 1936, and/or about March 16, 1936. On the trial he testified, and all of the evidence showed, that the injury occurred on March 9, 1936, and not on March 16, 1936. It is insisted that as appellee's notice to the board of his injury, and his claim before the board for compensation because of the injury, stated the injury to have been received on March 16, 1936, and nothing was stated as to an injury to have been received on March 9, 1936, the board had before it and considered and passed upon a claim for compensation for an injury received by appellee on March 16, 1936, only, and therefore the court was confined to hearing evidence of an injury received by appellee on March 16, 1936, and that evidence of an injury of date March 9, 1936, was not admissible and was not a basis for the judgment rendered. We think the assignments should be overruled. It is without dispute that but one injury was received by appellee, and that was on March 9, 1936. There is no contention that appellee had any other injury. Under the whole record, appellant was not misled by appellee's pleading nor was there any surprise. No such claim is made by appellant, but it simply takes the position that the claim before the board being based upon an injury stated to have occurred on March 16, 1936, and the appeal taken from an order of the board refusing compensation based upon said claim, the court was without jurisdiction to hear and determine upon such appeal claim for compensation based upon an injury occurring March 9, 1936—in other words, that the discrepancy in the dates destroys appellee's right to recover, and the judgment should have been for appellant. This contention is without force. The injury complained of in the suit was the identical injury presented to the board. The petition alleged the injury to have been received on or about March 9, 1936, and/or on or about March 16, 1936. All the evidence showed it to have occurred on March 9, 1936, and the jury so found. It was the only injury received by appellee, the only one by reason of which he claimed compensation, and the very injury presented to and passed upon by the board. The mistake in the date of the injury as presented to the board was a mere inadvertence, and immaterial.

The board has power to take cognizance of any mistake made by a claimant in presenting to it his original claim. The board having this power, a trial court in trying the matter de novo also has the jurisdiction to determine such question. Fidelity Union Casualty Co. v. Dapperman (Tex.Civ.App.) 47 S.W.(2d) 408, 414. The niceties and exactnesses of common-law pleadings are not required in compensation proceedings, and when an insurer is not harmed by an error as to the exactness of time when an injury occurred, it cannot complain. Pardeick v. Iron City Engineering Co., 220 Mich. 653, 190 N.W. 719; American Employers' Ins. Co. v. Hoofkin (Tex.Civ.App.) 33 S.W.(2d) 801, 803 (writ refused). The rule is well settled in Texas that an inadvertent error as to the date of an occurrence in an alleged pleading is not material error working a reversal of a cause when there has been no claim of surprise, and when no one has been misled by the inadvertent error. Appellant neither pleads nor insists that it was misled or surprised by the variance in the date alleged in the claim before the board, March 16, 1936, and the date of the injury established by the evidence, March 9, 1936. It does not appear to have suffered any prejudice in its investigation of the alleged injury, or in shaping its defense against same. Maryland Casualty Co. v. Overstreet (Tex. Civ.App.) 42 S.W.(2d) 160, 163.

In the cited case, in discussing a very similar question, the court said: "The next issue raised by appellant is that of variance between appellee's pleadings and his proof. He alleged that he was employed by J. E. Morgan Company; and that the compensation insurance was carried by J. E. Morgan Company with appellant. However, appellant's suit to set aside said award and the award itself showed that the employer was J. E. Morgan and the insurance carried by J. E. Morgan. The undisputed evidence showed that there was no J. E. Morgan Company, but only J. E. Morgan who was the employer of appellee at the time of the injury, and that he carried compensation insurance with appellant. The jury so found. Under such circumstances we think the variance was not fatal. Appellant was not surprised nor misled thereby and could not have been injured. It was affirmatively pleaded by appellant that J. E. Morgan was the employer of appellee. The variance therefore became immaterial. Goodwin v. Abilene State Bank (Tex.Civ.App.) 294 S.W. 883; Federal Surety Co. v. Ragle (Tex.Civ.App.) 25 S.W.(2d) 898."

This case was reversed by the Supreme Court, but on other points. 61 S.W.(2d) 810. The cited holding was not disturbed.

■■ Appellant cites many decisions to the effect that in cases of an appeal from an award of the Industrial Accident Board the essential jurisdictional fact to maintain the appeal is the identity of the injury upon which the claim for compensation before the board was based, and which was adjudicated by the board. We have no cavil with the rule announced, but think it does not militate against appellee's asserted claim here. It is without dispute that the injury made the basis for compensation before the board, and that in the instant suit to set aside the ruling of the board, are one and the same injury—the identical injury involved—the insistence of appellant is not a different injury, but only that the date of the injury was stated to be one week later than it actually occurred. As was said in Miller v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 63 S.W.(2d) 883, 884, "the procedure before the board is loose and informal; the litigation really begins when a petition is filed in court, to set aside the award of the board. So long as the injury complained of before the board, and the one made the basis of recovery in court, is identical, the employee may, as by amendment in other litigation, enlarge upon the claim as presented to the board." (Citing numerous authorities.) That holding is directly in support of our conclusion here. In this suit, Hubbard claims the same injury, under the same circumstances, at the same place, but in presenting his claim to the board, by mistake stated the injury to have occurred one week after it had actually happened. His right, in presenting his petition in court to set aside the award of the board, to correct or amend that statement should not be, and we think cannot be questioned. The rule that in compensation cases great liberality of amendment so as to correctly show the injury for which compensation is claimed, is allowed, so long as the identity of the injury presented in suit with that presented to the board is preserved, is supported by: Texas Indemnity Ins. Co. v. Bridges (Tex. Civ.App.) 52 S.W.(2d) 1075; New Amsterdam Casualty Co. v. Harrington (Tex.Civ. App.) 283 S.W. 261; Aetna Life Ins. Co. v. Culvahouse (Tex.Civ.App.) 10 S.W.(2d) 803; Choate v. Hartford Accident & Indemnity Co. (Tex.Civ.App.) 54 S.W.(2d) 901; Casualty Reciprocal Exchange v. Berry (Tex.Civ.App.) 90 S.W.(2d) 595 (writ refused).

The last case cited supra, Casualty Reciprocal Exchange v. Berry, is very much in point. There an injured employee made claim before the board for compensation for an injury which occurred on January 31, 1933, but in a suit to set aside the board's award prosecuted his suit in the court on a claim for an injury alleged to have occurred on December 31, 1933. There as here it was contended that the variance in the dates of the alleged injury, the one before the board, and the other in the petition to set aside the award, showed that the injury for which compensation was claimed in the suit had never been passed upon by the board, and so the court was without jurisdiction to adjudicate the claim, but the evidence unmistakably showing that but one injury was involved, and the variance in the dates of the injury was but an error, and the identity of injury being clearly shown, the court refused to sustain the contention, and compensation was awarded. The Supreme Court refused a writ.

■ Appellant's second proposition that no notice of the injury was given as required by law is overruled. Appellee alleged that within thirty days after the injury his employer and appellant and its agent had notice and actual knowledge of the injury. The jury so found and the record amply

supports this finding. The objection seems to be to the use of the word "had" in the special issue submitting the issue as to notice to the jury. If the employer, and the insurer, appellant, actually knew of the injury within thirty days after it occurred, then they "had" notice and knowledge of same. The criticism of the charge is without force, and the court did not err in refusing the special issue requested. Texas Employers' Ins. Ass'n v. Fricker (Tex.Civ. App.) 16 S.W.(2d) 390 (writ refused); Maryland Casualty Co. v. Stevens (Tex.Civ. App.) 55 S.W.(2d) 149, 152; Ocean Accident & Guarantee Corp. v. Nance (Tex. Civ.App.) 25 S.W.(2d) 665.

The third and fourth propositions to the effect that the judgment is not supported by the evidence are overruled. A careful examination of the record discloses sufficient support of each of the jury's findings, and of the consequent judgment.

The judgment is affirmed.