## MUSHINSKI v. TRAVELERS INS. CO.

### No. 13393.

United States Court of Appeals
Fifth Circuit.

July 7, 1951.

Rehearing Denied July 25, 1951.

Peter P. Cheswick, Houston, Tex., for appellant.

Otto J. Weber, Jr., and Thomas M. Phillips, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

Appellant, Edward F. Mushinski, brought this suit against appellee, The Travelers Insurance Company, to set aside a denial of appellant's claim by the Industrial Accident Board of Texas, and to recover under the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries to his lungs alleged to have been suffered by appellant on or about April 30, 1947, while engaged in work as an employee of Rheem Manufacturing Company.

The appeal is from a judgment entered on a verdict instructed by the court below in favor of appellee. The sole question here is whether there is any substantial evidence in the record which requires submission of the case to a jury.

Only four witnesses testified—the appellant, his wife, a co-worker and the doctor who treated him. The evidence viewed in the light most favorable to appellant reveals the following: On April 28, 1947, Edward F. Mushinski was employed by Rheem Manufacturing Company. On that date while operating a machine that was punching flange holes in steel barrel heads he inhaled a large quantity of rust and steel particles. No immediate discomfort was felt but after returning home that evening appellant expectorated a lot of black matter and a little blood. The next morning he felt pulled down and upon reporting for work he told his foreman about his physical condition and was assigned to light work for a few days. Appellant did not visit the plant's first aid station and request medical attention, nor did he then consult a doctor. Some five or six weeks thereafter a mobile unit of the Anti-tuberculosis League visited the plant and appellant, along with other employees, availed himself of this facility and had an x-ray made of his chest. This examination revealed that he was suffering from tuberculosis. Appellant continued working in the plant until July 7, 1947, which was approximately the day on which he received a card from the League requesting another x-ray. On July 23, 1947, he went to a State hospital for Tuberculosis patients where he remained for a period of five months.

It appears from appellant's testimony that he had been suffering from lung trouble and associated disorders for a number of years. In 1931 he had pneumonia followed by empyema, and an operation was performed to take the pus out of his lungs. Following this operation he frequently complained of a sore throat and sore tonsils, lost weight and had a tired and worn out feeling. In addition he had been suffering with diabetes for a long period before the alleged accident. In 1945 he consulted a physician, complaining of symptoms in his chest, a sore throat and a cold and was advised that he had pleurisy, which he admits having had on this occasion and at other times. It further appears that appellant lost a substantial

amount of working time during the year preceding the alleged accident. During this period, according to Amy, a co-worker, the appellant coughed considerably, was pale and emaciated, and was continuously taking insulin for his diabetic condition. The testimony of Mrs. Mushinski, the one remaining lay witness, was negative in character and only corroborated the fact that her husband spat up a quantity of matter and a little blood on the day in question.

Doctor Geissel, appellant's expert medical witness, first saw Mushinski professionally on June 16, 1949, which was more than two years after the alleged accident. He found that appellant was suffering from diabetes and active tuberculosis involving both lungs; that the tubercular condition was very much advanced and was at least four or five years old. In response to a hypothetical question which was lacking in many of its essentials, the doctor stated that if a person inhaled a quantity of steel scales and rust and the next day spat up a lot of that material and a little blood that it could be the starting point for an active case of tuberculosis. It is on the basis of this answer to the hypothetical question that appellant is here contending that the required causal connection between the injury and the tubercular condition was shown. We think otherwise.

The trial court rightly directed a verdict for the defendant, for the reason that the evidence was insufficient as a matter of law to show a causal connection between the injury and the disease. Cf. Scott v. Liberty Mutual Ins. Co., Tex.Civ. App., 204 S.W.2d 16; Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879. The doctor's answer to the hypothetical question could not possibly supply the deficiency. Facts must be proven from which the causal connection between the accident and the disease may be reasonably inferred. Here, the doctor merely testified that inhaling rust and steel dust could be the starting point of an active case of tuberculosis. The answer "it could be",.a mere possibility that such causal connection exists, was not sufficient to take the case to the jury. Sparrow v. Safety Casualty Co., Tex.Civ.App.,

114 S.W.2d 615; Scott v. Liberty Mutual Ins. Co., supra.

Concluding as we do that the trial judge was right in concluding that the evidence of causal connection between the claimed injury and the alleged disability was not sufficient to warrant submitting the case to the jury, we need not determine whether the evidence of appellant's wage rate was sufficient to authorize the submission of that issue to the jury.

Affirmed.