**Henry SWINFORD, Relator,**

v.

**Hon. Bill LOGUE, Respondent.**

**No. 3578.**

Court of Civil Appeals of Texas.

Waco.

May 15, 1958.

Rehearing Denied May 28, 1958.

F. M. Fitzpatrick, Jr., Waco, for relator.

Donald Hall, Asst. Dist. Atty., Waco, for respondent.

Russell G. Poling, E. M. Scott, Austin, amicus curiae.

McDONALD, Chief Justice.

Henry Swinford, hereafter referred to as Relator, filed this proceeding seeking a writ of mandamus from this court to compel Honorable Bill Logue, County Judge of McLennan County, to impanel a jury for the trial of Cause No. 17868 styled "in re: Petition of Henry Swinford, By Next Friend", now pending on the docket of the County Court of McLennan County, Texas, and to proceed to trial with jury of such cause.

The foregoing cause is a restoration proceeding. The facts are undisputed. Relator alleged that he had in times past been adjudged to be a person of unsound mind and committed to the custody of the U. S. Veterans Administration Hospital in Waco, Texas, where he is now confined and restrained of his liberty as a mentally incompetent person, but that in truth he is not mentally incompetent or of unsound mind, but has been restored to his right mind. Thereafter a jury fee was timely deposited with the County Clerk of McLennan County and written motion was made by Relator to have his cause tried with a jury. The Honorable Bill Logue, County Judge, overruled Relator's motion for trial by jury on the ground that Article 5547–82(e), Vernon's Texas Civil Statutes, is mandatory that such trials shall be before the court without a jury.

Relator seeks mandamus to compel Respondent to try his cause with a jury, asserting that Article 5547–82(e), supra, is violative of our Constitution.

Article 5547–82 provides for re-examination, hearing and discharge of persons who have theretofore been adjudicated as mentally ill. After prescribing certain procedures in the County Court for the restoration hearing, subdivision (e) thereof provides:

"The hearing shall be before the court without a jury."

■ Article 1, Section 15 of the Constitution of Texas, Vernon's Ann.St. provides: *"The right of trial by jury shall remain inviolate."* The construction and interpretation of that clause is that the right of trial by jury shall be available in those cases in which the right existed at the date of the adoption of the Constitution, i. e., in those cases where the right to trial by jury was provided at common law. White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A.1918A, 339. The criteria of constitutionality of probate provisions wherein trial by jury is denied are set forth in Cockrill v. Cox, 65 Tex. 669, 674, as follows:

"The right of jury trial remains inviolate, though denied in the court of first instance (in civil cases), if the right to appeal and the jury trial on appeal are secured."

Article 5547–82 of the Texas Mental Health Code purports to be a complete and exclusive procedure for restoration, hearing and discharge, which became effective January 1, 1958, as a complete repeal of a series of restoration statutes (formerly Art. 5561a, V.A.C.S.). The repealed statutes expressly provided for trial by jury in the County Court in restoration actions and in addition provided for an appeal to the District Court for a trial by jury (de novo).

The repealing statute (Article 5547–82) contains provision *"(e) The hearing shall* *be before the court without a jury."* Further, there is no provision for an appeal to the District Court (or elsewhere) for a trial before a jury.

■ We think that where the Legislature specifically denies the right of trial by jury in the first instance in County Court, and does not provide for an appeal to the District Court or elsewhere where a jury trial can be obtained, the provision is violative of Section 15 of Article I of our Constitution, if trial to a jury was available at the time of the adoption of our Constitution.

We note that the Mental Health Code provides for trial by jury (Article 5547–48) upon original commitment for mental illness.

■ In the original proceeding mental illness or sound mind is the question for determination. A determination of mental illness results in restraint and loss of liberty. In a restoration hearing the question for determination is the same—is the Relator mentally ill or a person of sound mind? If he is mentally ill, restraint and detention follow. We fail to perceive the difference in these respects in a restoration hearing and in an original proceeding. We think there is none, and that denial of a jury in either instance is unconstitutional.

In 1913 our Legislature passed a statute which substituted a Commission of Doctors in lieu of a jury for the purpose of determining the question of lunacy. Such act was declared unconstitutional in White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A. 1918A, 339, affirming Tex.Civ.App., 183 S. W. 369 (the El Paso Court). The Amarillo Court, in Loving v. Hazelwood, Tex.Civ. App., 184 S.W. 355, Writ Refused, further declared such act void and unconstitutional.

■ Further to the foregoing, the alleged fact of restoration raises an issue of fact, to determine which a person is entitled to a trial by jury. Bolton v. Stewart, Tex.Civ.App., 191 S.W.2d 798, 802; Bry-

son v. Karslake, Tex.Civ.App., 71 S.W.2d 614, W/E Dis.

At the time of the adoption of our present Constitution (1876) a litigant was entitled to have the issue of mental illness or sound mind tried to a jury,—as indeed he was entitled to have fact questions generally tried to a jury. Greenwood v. Furr, Tex. Civ.App., 251 S.W. 332; White v. White, supra. Our Supreme Court, in the foregoing case, held that a jury trial was constitutionally required in lunacy proceedings because such was required by the English Common Law, and that the Common Law had been adopted by the Republic of Texas preceding the Constitution of the State. As noted, we think there is no difference in the determination of such question in an original proceeding and in a restoration proceeding. However, in this connection, the right of trial to a jury of these issues in a *restoration* proceeding has been recognized by our courts from earliest times, and long before the 1937 Act of our Legislature (Article 5561a, V.A.C.S.) specifically provided by statute for jury trial in restoration hearings. See Ferguson v. Ferguson, Tex.Civ.App., 128 S.W. 632, W/E Refused; Missouri-Pac. Ry. Co. v. Brazil, 72 Tex. 233, 10 S.W. 403; Elston v. Jasper, 45 Tex. 409, 413.

Judge Fly, in Clark v. Matthews, Tex. Civ.App., 5 S.W.2d 221, 222, had this to say:

"The Constitution and laws of Texas jealously protect the liberties of the citizens of the commonwealth, and throw about each citizen, sane or insane, the safeguards of being heard in person or by attorney, or by both, *before a jury of his countrymen.* If the rights of any class of persons should be more closely and sacredly guarded than another, it is that unfortunate individual who, rightfully or wrongfully, is charged with having a mind diseased or a reason dethroned. The unfortunate or his friends have the right to insist upon compliance with every form prescribed by law, which has been enacted for the protection and preservation of his liberty."

In the case at bar the Relator's mental illness or sound mind are in issue and his liberty or his further restraint are at stake. The Constitution guarantees that the right of trial by jury shall remain inviolate. The Legislature, in Article 5547–82(e), specifically denied trial by jury, and further provided for no appeal to a forum where jury trial could be obtained. We think the Legislature, in so acting, violated Article I, Section 15 of our Constitution, and that subdivision (e) of Article 5547–82 is void. It follows that Relator is entitled to a jury trial in Cause No. 17868 now pending in the County Court of McLennan County, Texas.

We assume that respondent will forthwith set such cause for trial with a jury, but in the event he refuses, the clerk will be instructed to issue the appropriate writ.

HALE, J., took no part in the consideration and disposition of this case.