**In re GUARDIANSHIP OF the Person and Estate of Mirtie BERRY.**

**No. 18387.**

Court of Civil Appeals of Texas, Dallas.

Oct. 10, 1974.

Rehearing Denied Oct. 31, 1974.

F. T. Gauen, Jr., Dallas, for appellant.

B. J. Wynne, Wynne & Wynne, Wills Point, for appellee.

GUITTARD, Justice.

The question is whether the Mental Health Code, Tex.Rev.Civ.Stat.Ann. arts. 5547–1 to 5547–104 (Vernon's Supp. 1974), has repealed Tex.Prob.Code Ann. § 426 (Vernon 1956), which provides a procedure for discharge of a person from guardianship upon adjudication that he has been "restored to his right mind." We hold that § 426 is not repealed, and, consequently,

that the trial court erred in dismissing the petition filed in compliance with that section.

In August 1971 Mirtie Berry, then eighty-two years of age, was found by the County Court of Van Zandt County to be unable to look after her affairs, and her son, appellee Nealy Berry, was appointed guardian of her person and estate. In October 1972 her daughter, appellant Miriam Jones, filed a petition alleging under oath that on September 13, 1972, on motion of the guardian, Mirtie Berry had been committed to the state hospital at Terrell for treatment, but that she was of sound mind and should be discharged from further guardianship. The county court denied the petition. Petitioner perfected an appeal for trial de novo in the district court, but that court dismissed the petition on the recited ground that it was brought under § 426 of the Probate Code and did not comply with the Mental Health Code. From that order of dismissal this appeal was taken.

It is conceded that the petition complies with § 426 of the Probate Code, which provides in part as follows:

> If any person shall allege in writing and under oath that a person who has been adjudged to be of unsound mind or an habitual drunkard has been restored to his right mind or to sober habits, the guardian of the person and of the estate of such ward shall be cited to appear before the court on a day and at a place named in such citation, and show cause why such ward should not be adjudged to be of sound mind, or no longer an habitual `drunkard, and discharged from further guardianship.

The guardian contends that the petition was properly dismissed because petitioner failed to comply with the Mental Health Code, particularly article 5547–83(c), which provides:

> When any person under the provisions of this Code shall have been committed as a patient to a mental hospital for any period, regardless of duration, by order

of a county court, and shall have been discharged and released by such hospital, such person may file application with such county court for an order adjudicating that he is not now mentally ill or incompetent, to which application shall be attached a certification attesting to such facts, signed by an attending physician at the hospital to which such patient was committed. The court may enter an order granting such application; but, in connection therewith, he may conduct a hearing and summon such witnesses as in his judgment may be necessary to satisfy him as to the merits of the application.

We hold that the Mental Health Code does not repeal or supersede the procedure for discharge of a guardianship provided by § 426 of the Probate Code, for several reasons.

*First.* The Mental Health Code is concerned with care and treatment of the mentally ill and has no effect on guardianship. Article 5547–84 expressly so provides:

> No action taken or determination made under this Code and no provision of this Code shall affect any guardianship established in accordance with law.

*Second.* Even apart from this express statutory language, the Mental Health Code does not by its terms purport to repeal § 426 of the Probate Code. Article 5547–103 lists various statutes as repealed, but does not list § 426 or any other section of the Probate Code. Article 5547–103 also repeals "all laws or parts of laws in conflict herewith," but we see no conflict between the Mental Health Code and § 426. The Mental Health Code governs mental illness requiring hospitalization and the Probate Code governs mental incapacity requiring guardianship. Although the two conditions may coexist, they are by no means the same, and the distinction is important. Cohen, Commitment of the Mentally Ill, 44 Texas L.Rev. 424, note 28 (1966). Article 5547–83(c) provides a procedure for adjudication of mental compe-

tency of one who has been released from a mental hospital, whether or not a guardian has been appointed. It does not mention guardianship and cannot be construed as in conflict with the provision for termination of guardianship in § 426.

*Third.* Article 5547–83(c) cannot be held to provide an exclusive method for termination of guardianship because by its terms it is limited to cases in which "any person under the provisions of this Code shall have been committed as a patient to a mental hospital . . . and shall have been discharged and released by such hospital." If this provision is construed as repealing § 426 of the Probate Code, then a person under guardianship who has never been committed to a mental hospital would have no procedure to establish restoration of his mental capacity. Likewise, a person under guardianship who has been committed to a mental hospital and has not been released would have no procedure to establish his capacity to manage his own affairs. Nothing in the Mental Health Code indicates that the legislature intended such a result.[1]

*Fourth.* No other provision of the Mental Health Code is inconsistent with the view that the procedure for terminating a guardianship as prescribed in the Probate Code is still in full force and effect. Although, as appellee points out, article 5547–100 provides that the Mental Health Code applies to "any conduct, transaction or proceeding within its terms which occurs after the effective date of this Code," we construe "within its terms" as applying to procedures for commitment and discharge of patients in mental hospitals and not to appointment and discharge of guardians.

The guardian relies principally on Swinford v. Logue, 313 S.W.2d 547 (Tex.Civ.

App.—Waco 1958, writ dism'd, mand. overr.). That case does not control here because it is concerned with discharge from a mental hospital rather than termination of a guardianship. Moreover, that opinion provides no support for the guardian's contention that § 426 was repealed by implication because the statute which was held in that case to have been repealed, former Tex.Rev.Civ.Stat.Ann. art. 5561a, is one of those specifically listed as repealed in article 5547–103.

We do not pass on the question of whether an adjudication under § 426 that a mental patient has been "restored to his right mind" would require his discharge from a mental hospital, since that question is not presented by this record.

For these reasons we hold that the district court erred in dismissing appellant's petition for discharge of guardianship. Accordingly, we reverse that order and remand the cause to the district court for further proceedings.

Reversed and remanded.

---

1. The guardian does not contend that article 5547–83(c) repeals § 426 only to the extent that it applies to patients committed to and subsequently discharged from mental hospitals, but if such a contention were made, the absence of any provision for guardianship procedures in the Mental Health Code negatives any inference that the legislature intended to adopt a different and exclusive procedure for termination of guardianship in this limited class of cases.