Robert E. JONES, Appellant,

v.

The STATE of Texas for the Best Interest and Protection of Robert E. Jones, as a Mentally Ill Person, Appellee.

No. 17782.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1980.

Rehearing Denied Dec. 18, 1980.

Wyckoff, Russell, Dunn & Frazier, James Wyckoff, Houston, for appellant.

Stephen Neel and Scott Reiter Link, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

WALLACE, Justice.

This is an appeal from an order of indefinite commitment of appellant. The issues are alleged error by the trial court in the admission of testimony of two court appointed psychiatrists; in following the Texas Mental Health Code which is alleged to be unconstitutional in that it does not provide procedural due process; and in failing to properly construe and apply the Mental Health Code.

The appellant was taken into custody pursuant to a petition for indefinite commitment executed by his mother, with whom he lived. Appellant is a 26 year old male with a marginal I.Q. and a long history of mental illness. He spent 90 days in the Austin State Hospital on a temporary commitment from February to May of this year, prior to the commitment hearing from which he appeals.

In response to a court order, two psychiatrists examined the appellant during his confinement at the Harris County Psychiatric Ward. Dr. Kanellos D. Charalampous testified that before examining appellant he asked appellant to give his consent so that if the doctor were called by the appropriate authorities he might disclose the content of the information that he derived through his visit with appellant. The appellant consented by stating "OK." The trial judge apparently considered this insufficient to comply with the Mental Health Code, Art. 5561h, Section 2(a), and restricted the doctor's testimony to what he observed of the appellant and not what appellant told him. Dr. Patricia Pearce testified that "At the very first thing I told him that the interview was nonconfidential, any information that was discussed could be used in court proceedings for legal commitment."

The Mental Health Code of the State of Texas states in pertinent part:

Section 2(a). Communication between a patient/client and a professional is confidential and shall not be discussed except as provided in Section 4 of this Act.
Section 4(a). Exceptions to the privilege in court proceedings exist:

Subsection (2) when the patient/client waives his right in writing to the privilege of confidentiality of information, or when other persons listed ... who are acting on the patient's/client's behalf submit a written waiver to the confidentiality privilege;
Subsection (4) when the judge finds that the patient/client after having been previously informed that communication would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

Appellant by his first three points of error contends that the above quoted portion of the Mental Health Code requires a waiver of the patient in the situation set out in Section 4(a)(4), citing *Salas v. State*, 592 S.W.2d 653 (Tex.Civ.App.—Austin 1979, no writ) as authority. *Salas* is distinguishable because in *Salas* the communication with the doctor was not made in the course of a court ordered examination and no attempt was made to inform the patient that the communication would not be privileged. Appellee contends that a waiver is not necessary in this situation. Section 4(a)(4) does not mention waiver and we hold none is intended. A statute must be construed as written, *Government Personnel Mutual Life Insurance Company v. Wear*, 251 S.W.2d 525 (Tex.1952) and the plain meaning rule directs a court to enforce a statute as written, *Calvert v. Electro-Science Investors, Inc.*, 509 S.W.2d 700 (Tex.Civ.App.—Austin 1974, no writ). Waiver is specifically mentioned in Section 4(a)(2) and it is unlikely that the legislature would especially provide for a waiver under one condition and in the same section intend a waiver under different conditions and not specifically provide

for it. We hold that both doctors informed appellant that their communication with him was not confidential and that they thus complied with the Mental Health Code, Section 2(a) and Section 4(a)(4).

By his points of error numbers three and four appellant contends that the communication of appellant with both doctors violated his due process right under the U. S. Constitution and that the Mental Health Code failed to protect his due process rights under the U. S. Constitution. Appellant's contentions are based on the argument that a hearing to determine if a person is mentally ill, especially an indefinite commitment hearing, is to be treated as a criminal hearing and all the procedural requirements of a criminal hearing are applicable. This precise issue was decided by the United States Supreme Court in *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 1809, 60 L.Ed. 232 (1979), where the Supreme Court states that whereas due process is necessary in a civil commitment proceeding, "The State has a legitimate interest under its *parens patria* powers in providing care for its citizens who are unable because of emotional disorders to care for themselves; the state has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill." The Court further stated that unlike a criminal incarceration, the professional review and observation of a patient's condition will provide continuous opportunity for an erroneous commitment to be corrected, consequently, the due process requirement for a civil commitment need not be as stringent as for a criminal proceeding.

We reject appellant's contention that counsel is required at the psychiatric examination to explain the privilege of confidentiality. The State of Texas *For The Interest of Patsy Rose Ellenwood, as a Mentally Ill Person,* 567 S.W.2d 251 (Tex. Civ.App.—Amarillo 1978, no writ). Although *Ellenwood* was decided before the amendment to the Mental Health Code, we find it correctly states the law on this point. The intent of the legislature in adding the confidentiality privilege was to protect a mentally incompetent individual from the abuse of the psychiatric examination and from the use of the information for any purpose other than civil commitment.

We find no error in the overruling of appellant's motion in limine. Appellant contends that by overruling his motion the court prevented him from being present at the hearing under threat of being called as a witness by the State. Appellant was in fact free to come and go during the hearing, which he did, and the State did not attempt to call him.

We find that the evidence met the "clear and convincing" test of *Addington v. Texas, supra,* and was sufficient to sustain the judgment.

The judgment of the trial court is affirmed.