**In re The STATE of Texas For the Best Interest and Protection of Richard GILL, as a Mentally Ill Person.**

No. 07–84–0196–CV.

Court of Appeals of Texas, Amarillo.

Oct. 16, 1984.

W. Kent Paschal, Amarillo, for appellant.

**42**

Bill Baumann, County Atty., Beth Wright, Asst. County Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON, and BOYD, JJ.

BOYD, Justice.

Richard Gill appeals from an order committing him to a mental hospital for a period not to exceed ninety (90) days. He alleges noncompliance with several of the procedural provisions of the Texas Mental Health Code, that his right to due process of law was violated as a result of that noncompliance, insufficiency of the evidence, and ineffective assistance of counsel. We reverse the action of the trial court.

Because it is dispositive of this appeal, we proceed directly to consider appellant's second point of asserted error. In that point he asserts noncompliance with the provisions of Tex.Rev.Civ.Stat.Ann. art. 5547–42 (Vernon Supp.1984).* That article reads as follows:

> When an Application for Court-Ordered Mental Health Services is filed, the judge *shall set a date for a hearing to be held within 14 days* of the filing of the application. If the proposed patient or his attorney objects, the hearing shall not be held within the first three days following the filing of the application. Upon good cause shown or upon agreement of the parties, the court may grant a single continuance of the hearing for a period not to exceed seven days. (emphasis added).

The sequence of events in this case is as follows:

6–13–84 Application for court-ordered mental health services

6–18–84 Psychiatric examinations of appellant

6–25–84 Notice of hearing on 6–29–84

6–29–84 Originally-scheduled hearing date

7–5–84 Order dated June 29, 1984, granting appellant's oral motion for continuance and jury trial and setting trial for August 2, 1984.

7–26–84 Date of actual hearing

It is readily apparent that in this case no hearing date was scheduled within fourteen days of the filing of the application as required by article 5547–42. While notice of a later hearing date was filed on June 25, which was within the fourteen-day period, this did not comply with the clear requirement of the statute which requires that a date be set "for a hearing to be held within 14 days of the filing of the application." While the statute does permit the expansion of the time period to twenty-one days "upon good cause shown or upon agreement of the parties," there is no such showing in this record. Moreover, the statute speaks in terms of a "continuance." Used in this sense, that term has been defined as "[t]he adjournment or postponement of a session, hearing, trial or other proceeding to a subsequent day or time." Black's Law Dictionary 291 (5th ed. 1979).

■ It is well established that in a proceeding such as that here under consideration, strict compliance with statutory requirements is mandated and is a prerequisite to its valid exercise. *Florence v. Crawford,* 351 S.W.2d 77, 80 (Tex.Civ.App. —Texarkana 1961, no writ). Indeed, it has been said that "[i]f the rights of any class of persons should be more closely and sacredly guarded than another, it is that unfortunate individual who, rightfully or wrongfully, is charged with having a mind diseased or a reason dethroned. The unfortunate or his friends have the right to insist upon compliance with every form prescribed by law which has been enacted for the protection and preservation of his liberty." *Clark v. Matthews,* 5 S.W.2d 221, 222 (Tex.Civ.App.—San Antonio 1928, no writ).

Appellant correctly points out that there are two Texas cases construing similar pro-

---

* All other references to article numbers in this opinion are to those articles of the Texas Mental Health Code.

visions in the statutory predecessors of the current statute, that determined holding a hearing such as this more than fourteen days after the application was filed is permissible under article 5547–42: *Florence v. Crawford, supra,* and *State for Interest and Protection of Ellenwood,* 567 S.W.2d 251 (Tex.Civ.App.—Amarillo 1978, no writ). Indeed, in *Ellenwood* this Court stated that "the purposes of the Mental Health Code should not be defeated by a strict insistence on a hearing within fourteen days." *Id.* at 253.

However, both of the cases are distinguishable from the case at bar. In each of the cases, a hearing, as was statutorily mandated, was set within the fourteen-day period. The question presented in those cases was whether such a hearing, once set, could be postponed. Indeed, in giving its affirmative answer, the court in *Florence* noted, "[T]he Legislative intent is that an action of this kind, *when once set within fourteen days* of the application, shall be tried with dispatch at the earliest the circumstances of the case will allow." (emphasis added). 351 S.W.2d at 81–82. In *Ellenwood* this Court held, "[W]hen there is good cause for not holding the hearing *as set within fourteen days* of the filing of the application, the hearing may be postponed and re-scheduled [sic] as soon as feasible." (emphasis added). 567 S.W.2d at 253. It is apparent that in both cases the court particularly noted that the initial setting had been made within fourteen days.

■ The statute in question clearly requires the initial setting of the hearing within fourteen days. The intent of the statute is to require a prompt hearing on an application such as this for the benefit of both the proposed patient and society, and to effectuate that end, strict compliance is required. Nothing in the record, and we are bound by the record, appears which would excuse the noncompliance with the statutory requirement. Since no final order was entered by the court within the fourteen-day period, or any period to which the hearing was postponed by legal continuance, we are required to reverse the judgment of the trial court and order the release of appellant. Article 5547–39(d)(1).

This judgment is without prejudice to the right of appellee to institute immediate proceedings in compliance with the applicable statute to have appellant adjudged as a person in need of immediate hospitalization upon a proper showing of necessity.

The disposition which we make of this point pretermits the necessity for discussion of appellant's other asserted points of error. The judgment of the trial court is reversed and appellant's release ordered.