

# THE ATTORNEY GENERAL
## OF TEXAS

October 19, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 E. Riverside Drive
Austin, Texas 78704-9982

Opinion No. JM-809

Re: Whether the Texas Rehabilitation Commission may contract with a "for-profit" agency under its Extended Rehabilitation Program

Dear Commissioner Arrell:

You ask whether the Texas Rehabilitation Commission [hereinafter the commission], under its Extended Rehabilitation Program, may contract now with "for-profit" agencies, or whether it may contract only with non-profit agencies. We conclude that it may contract now with both "for-profit," as well as non-profit, agencies.

The Extended Rehabilitation Program [hereinafter the program] was created in 1969. See Acts 1969, 61st Leg., ch. 49, at 144. It was first codified as article 2675m, V.T.C.S., and provided, <u>inter alia</u>, extended vocational rehabilitation services for certain persons. Section 3 of the act declared:

> <u>The state agency</u> vested with the authority to administer this Act <u>may contract with any not-for-profit agency, public or private</u>, for the provision of any extended rehabilitation services, including extended shelter workshop employment or extended community residence for persons participating in vocational rehabilitation and pay for such services purchased for the state. (Emphasis added.)

<u>See also</u> V.T.C.S. art. 2695m, §§4-7.

Article 2675m, V.T.C.S., was repealed in 1971, Acts 1971, 62nd Leg., ch. 405, §54(2), at 1533, and recodified as section 30.73 of the Education Code. Acts 1971, 62nd

Leg., ch. 405, §52, at 1526. The Education Code section differed in no material way from its predecessor statute. Section 30.73 of the Education Code was repealed, Acts 1979, 66th Leg., ch. 842, at 2429,2430 and, again, recodified as section 111.082 of the Human Resources Code. Acts 1979, 66th Leg., ch. 842, art. 1, §2(2), at 2429. Section 111.082 of the Human Resources Code differed in no material respect from its predecessor statute. Finally, section 111.082 of the Human Resources Code was repealed at Acts 1983, 68th Leg., ch. 77, §5, at 345, and, substantially amended, was recodified as part of section 111.052 of the Human Resources Code.

Section 111.052 of the Human Resources Code is a part of subchapter C of the code, which details the powers and duties of the commission. The section sets forth the general functions of the commission and provides the following:

(a) The commission shall, to the extent of resources available and priorities established by the board, provide rehabilitation services directly or through public or private resources to individuals determined by the commissioner to be eligible for the services under a vocational rehabilitation program, and extended rehabilitation services program, or other program established to provide rehabilitative services.

(b) In carrying out the purposes of this chapter, the commission may:

(1) cooperate with other departments, agencies, political subdivisions, and institutions, both public and private, in providing the services authorized by this chapter to eligible individuals, in studying the problems involved, and in planning, establishing, developing, and providing necessary or desirable programs, facilities, and services, including those jointly administered with state agencies;

(2) enter into reciprocal agreements with other states;

(3) establish or construct rehabilitation facilities and workshops, contract with or provide grants to agencies, organizations, or individuals as necessary to implement this chapter, make contracts or other arrangements with public and other nonprofit agencies, organizations, or institutions for the establishment of workshops and rehabilitation facilities, and operate facilities for carrying out the purposes of this chapter;

(4) conduct research and compile statistics relating to the provision of services to or the need for services by disabled individuals;

(5) provide for the establishment, supervision, management, and control of small business enterprises to be operated by severely handicapped individuals where their operation will be improved through the management and supervision of the commission;

(6) contract with schools, hospitals, private industrial firms, and other agencies and with doctors, nurses, technicians, and other persons for training, physical restoration, transportation, and other rehabilitation services; and

(7) contract with a public or private agency to provide and pay for rehabilitative services under the extended rehabilitation services program, including sheltered employment or community residence for a person participating in the program. (Emphasis added.)

Your concern arises from the omission from subsection (b)(7) of the phrase "non-profit" from the phrase denoting the sort of agency with which the commission may contract.

Statutes must be construed as written. Jones v. State, 610 S.W.2d 535 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.); Young v. Del Mar Homes, Inc., 608 S.W.2d 804 (Tex. Civ. App. - Houston [14th

Dist.] 1980, writ ref'd n.r.e.). We are governed by the rule that has been enunciated by the Texas Supreme Court:

> The language [of the statute] appears to us to be plain and unambiguous and its meaning clear and obvious. We can only enforce the statute as written and have no right to create or to find an ambiguity where none exists in order to call into play generally recognized rules which are used as aids to the construction of ambiguous statutes.

Col-Tex Refining Co. v. Railroad Commission of Texas, 240 S.W.2d 747, 750 (Tex. 1951). It is clear from a reading of section 111.052 of the Human Resources Code that the commission's contracting authority now extends to "for-profit," as well as nonprofit, agencies; the prior restrictions have been removed. Accordingly, we conclude that the commission may contract with "for-profit," as well as nonprofit, agencies.

## S U M M A R Y

> Pursuant to section 111.052 of the Human Resources Code, the Texas Rehabilitation Commission may contract with "for-profit," as well as nonprofit, agencies under its Extended Rehabilitation Program.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General