

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00233-CV
_____

IN THE MATTER OF THE MARRIAGE OF
DE JORAN R. WRIGHT AND TOMECIA L. WRIGHT
AND IN THE INTEREST OF M.J.W., A CHILD

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 12080, Honorable Kimberly Allen, Presiding

March 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Tomecia L. Wright, proceeding pro se, appeals from the trial court's *Final Decree of Divorce* dissolving her marriage to Appellee, De Joran R. Wright. By nine issues, she contends (1) the trial court precluded her from presenting evidence that De Joran had abused their child, (2) her constitutional rights were violated when the trial court ordered a mental examination and social study, (3) conservatorship and custody should have been awarded to her, (4) child support and other financial obligations were not properly calculated, (5) she should have been awarded half of De Joran's retirement

benefits, (6) venue was proper in Palestine, Texas, (7) she was denied the right to submit a proposed final decree, (8) De Joran should have been precluded from offering any evidence, and (9) there was administrative misconduct in preparation of the clerk's record. We affirm.

## BACKGROUND

The parties married in December 2012 and have one daughter. They resided in Dalhart where De Joran was a coach and teacher for the school district. They separated four years later.[1] Tomecia, who was unemployed at the time, left Dalhart and took the child to Houston, ostensibly for a vacation. When De Joran contacted her about helping her find employment, she refused to return to Dalhart, and he initiated divorce proceedings. She avoided service for several months and prevented De Joran from visiting his daughter for approximately six months.[2] She eventually filed a counterpetition for divorce. Shortly thereafter, the trial court held a hearing and issued temporary orders and a writ of attachment for the child to be returned to De Joran.[3]

Tomecia eventually settled in Humble, Texas, and De Joran subsequently moved to Palestine, approximately a two-hour drive from Humble, to assist a family member experiencing medical issues. He continued his teaching and coaching career in

---

[1] The divorce proceeding continued for five years due to Tomecia's inability to effectively communicate with three different attorneys who were all permitted to withdraw. Thereafter, she represented herself.

[2] Tomecia claimed that she left because De Joran was abusing their child although neither the police nor Child Protective Services (CPS) were ever contacted while the parties were married. During the divorce proceedings, CPS investigated her allegations and ruled out any abuse.

[3] Tomecia's request to appear at the temporary hearing by teleconference was denied and she did not participate.

2

Palestine, which at the time of the final hearing, spanned eighteen years. He also supplemented his income with odd jobs.

Almost five years after the temporary hearing, a final hearing on the divorce was held. De Joran was represented by counsel. Tomecia appeared pro se.[4] At the conclusion of the hearing, the trial court granted the parties a divorce and appointed them joint managing conservators with De Joran having the exclusive right to designate the child's primary residence. The trial court ordered Tomecia to pay child support and medical support. The marital estate was awarded to the party in possession and De Joran was awarded his full retirement benefits. Evidence presented at the hearing will be discussed as necessary to disposition of Tomecia's issues.

Although Tomecia complains that the trial court did not enter findings of fact and conclusions of law, she did not request any. When a party fails to properly request findings of fact and conclusions of law, the trial court is presumed to have made all findings of fact necessary to support its judgment, and it must be affirmed on any legal theory that is supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.—El Paso 2005, no pet.). When a reporter's record is filed, however, the implied findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

---

[4] We note that a pro se litigant is not exempt from rules of procedure. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014). Otherwise, a pro se litigant would have an unfair advantage over litigants who are represented by counsel. *Mansfield v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

3

In a family law case, the abuse of discretion standard overlaps with the traditional sufficiency standards of review. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 549 (Tex. 2018). To determine whether the trial court abused its discretion, we consider whether the court (1) had sufficient evidence on which to exercise that discretion or (2) erred in the application of that discretion. *See id. See also Gonzales v. Pounds*, No. 07-21-00088-CV, 2022 Tex. App. LEXIS 873, at *8–9 (Tex. App.—Amarillo Feb. 4, 2022, no pet.) (mem. op.).

**ISSUE ONE—EXCLUSION OF EVIDENCE**

Tomecia asserts the trial court abused its discretion in excluding evidence she sought to have admitted. She does not, however, specify in her brief what items of evidence were excluded. As her argument, she simply asserts "[t]here were no hearsay problems." Generally, such a vague argument results in procedural default. *See* TEX. R. APP. P. 38.1(i).

At trial, she complained the trial court did not admit a thumb drive detailing alleged abuse by De Joran, a letter from her son regarding the alleged abuse, a letter from a neurologist regarding speech therapy for the child, statements from a speech therapist, and some photographs of her with her daughter containing captions.[5] De Joran objected noting that Tomecia had failed to comply with discovery requests which had been due in February 2018. *See* TEX. R. CIV. P. 193.6(a) (providing for exclusion of evidence that was not provided in a discovery response in a timely manner). He also lodged hearsay

---

[5] The trial court did admit some photographs which did not include any notations or captions.

4

objections to admission of the items. The trial court explained to Tomecia that the items she sought to have admitted constituted hearsay without witnesses present to authenticate them.

We review a trial court's decision to permit or exclude the admission of evidence for abuse of discretion. *In re A.W.B.*, 419 S.W.3d 351, 356 (Tex. App.—Amarillo 2010, no pet.). We must uphold the trial court's decision so long as it falls within the zone of reasonable disagreement. *Id.*

Tomecia's assertion that "[t]here were no hearsay problems" is without merit. We find the trial court did not abuse its discretion in excluding the items she complained of during the hearing. Issue one is overruled.

**ISSUE TWO—ORDER FOR MENTAL EXAMINATION AND SOCIAL STUDY VIOLATED CONSTITUTIONAL RIGHTS**

In support of her claim that the trial court's order for a mental evaluation and social study violated her constitutional rights, Tomecia relies on *State for Interest and Protection of Ellenwood*, 567 S.W.2d 251 (Tex. App.—Amarillo 1978, no writ), and *Thompson v. State*, 621 S.W.2d 624 (Tex. Crim. App. 1981). *Ellenwood* involved issues related to a civil commitment and *Thompson* was a capital murder case in which a psychiatrist testified during the punishment phase about the defendant's propensity to commit future criminal acts. Neither case is relevant to Tomecia's complaint and results in failure to present legal authority for her position. TEX. R. APP. P. 38.1(i). Additionally, her trial testimony was that she did not comply with an order for a mental evaluation because she could not afford one. She did not, however, complain during trial that the trial court's

5

order violated her constitutional rights. Because her complaint on appeal does not comport with her trial testimony, her issue is waived. *See Moser v. Davis*, 79 S.W.3d 162, 169 (Tex. App.—Amarillo 2002, no pet.) (holding that an issue is waived when the complaint on appeal does not comport with the objection made at trial). Issue two is overruled.

**ISSUE THREE—CONSERVATORSHIP AND CUSTODY**

Tomecia maintains she should have been granted sole conservatorship because there was "substantial proof that [De Joran] is a child abuser." She reinforces her contention by alluding to "documentary evidence, including an arrest and statements from [her] son . . . ." She further maintains the trial court failed to consider the relevant factors set forth in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).[6]

A court's primary consideration in determining conservatorship issues must always be the best interest of the child. TEX. FAM. CODE ANN. § 153.002.[7] In the context of custody, other factors to consider in addition to the *Holley* factors include the child's need for stability and the need to prevent constant litigation in child custody cases. *In re V.L.K.*, 24 S.W.3d 338, 343 (Tex. 2000).

---

[6] The *Holley* factors, which are not exhaustive, include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

[7] All future references to "§" or "section" are to the Texas Family Code unless otherwise designated.

6

Although Tomecia claims there was evidence that De Joran should not have been appointed managing conservator, the record shows her evidence was either excluded or not credible. Her allegations that he abused their child were ruled out by CPS. She testified that while they resided together, she never called the police to report any instances of abuse or violence by De Joran.

The trial court heard testimony that De Joran had stable employment and provided the child with a clean and stable home. While the parties resided together, De Joran cooked for the family, maintained the home, and was the child's primary caretaker. He testified the child thrived under his supervision. He offered an exhibit containing various awards, which were admitted into evidence, showing the child's proficiency in academics, math, and physical education. He also testified the child was participating in speech therapy through the school district.

Based on the evidence presented by De Joran and Tomecia's unsubstantiated allegations, we cannot say the trial court abused its discretion in appointing De Joran as managing conservator with the exclusive right to designate the child's primary residence. Issue three is overruled.

**ISSUE FOUR—CALCULATION OF CHILD SUPPORT**

Tomecia asserts the trial court's order of child support was improperly calculated. We disagree. The Texas Legislature has adopted child support guidelines intended to guide the trial court in determining an equitable amount of child support. § 154.121. The amount of periodic child support established by the guidelines in effect at the time of the

7

hearing is presumed to be reasonable, and an order of support conforming to the guidelines is presumed to be in the best interest of the child. § 154.122.

In the underlying case, Tomecia confirmed she was working forty hours per week and making twelve dollars an hour. While testifying, Tomecia was asked whether she had "any problem paying statutory child support based upon your $12 an hour" to which she answered, "Oh, no, sir. No sir." The testimony presented supports the trial court's child support award, which was within the statutory guidelines.

Tomecia complains that the trial court should have entered findings of fact and conclusions of law in support of its ruling. However, as previously noted, she did not request any and the trial court's implied findings are supported by the reporter's record. Issue four is overruled.

**ISSUE FIVE—DIVISION OF RETIREMENT BENEFITS**

Tomecia maintains she should have been awarded a portion of De Joran's retirement benefits. We disagree.

In a divorce decree, the trial court must order a division of the community estate "in a manner the court deems just and right, having due regard for the rights of each party . . . ." § 7.001. The property division includes retirement benefits. § 7.003. According to this standard, the trial court does not have to divide the community estate equally so long as the division is equitable. *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.). Due to this equitable standard, a trial court has wide discretion when it comes to the division of a community estate, and we review the exercise of that discretion for abuse. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Furthermore,

given variances in property valuations and debt allocation, there is no requirement that the court effectuate a division of the community estate with mathematic certainty. *Id.* at 699.

In awarding De Joran the full amount of his retirement benefits, the trial court considered that he had spent five years and $15,000 in attorney's fees prosecuting the divorce action. Tomecia prolonged the time in which to finalize the divorce by initially avoiding service and taking the child to Houston. She also delayed the proceeding by having three attorneys represent her, although she ultimately represented herself. De Joran's retirement benefits had accrued via his eighteen-year employment with two different school districts and the marriage lasted only four years. We cannot say the trial court abused its discretion in awarding De Joran all his retirement benefits. Issue five is overruled.

## ISSUE SIX—VENUE

Relying on section 103.001 of the Family Code,[8] Tomecia contends the underlying suit should have been heard in Palestine, Texas. We disagree.

The Texas Family Code provides that a suit for divorce may not be maintained in this State unless at the time the suit is filed either the petitioner or the respondent has been (1) a domiciliary of this state for the preceding six months and (2) a resident of the county in which the suit is filed for the preceding ninety days. TEX. FAM. CODE ANN. § 6.301.

---

[8] Section 103.001 sets venue in an original proceeding where a child resides unless venue is fixed in a suit for dissolution of marriage such as here. § 103.001(a)(2).

At the time De Joran filed the original petition for divorce, he was a resident of Dallam County for the required statutory time periods. There is nothing in the record to show that the case was transferred while it was pending for five years. Thus, although De Joran moved to Palestine, Texas, and Tomecia moved to Humble, Texas, venue remained proper in Dallam County. Issue six is overruled.

**ISSUE SEVEN—DENIAL OF RIGHT TO SUBMIT A PROPOSED FINAL DECREE**

Tomecia complains that De Joran's attorney provided her with a copy of the final decree and that such action violated her statutory and constitutional rights because as a pro se litigant, she was not permitted to submit a proposed final decree. We disagree.

Rule 305 of the Texas Rules of Civil Procedure provides in relevant part that "[a]ny party may prepare and submit a proposed judgment to the court for signature." TEX. R. CIV. P. 305. First, pro se litigants are held to the same standards as licensed attorneys and are not exempt from rules of procedure. *Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006). The record does not show that Tomecia submitted a proposed judgment. Second, Tomecia does not reference any legal authority, as required by Rule 38.1(i) of the Texas Rules of Appellate Procedure, to support her assertion that her statutory and constitutional rights were violated. Failure to cite authority results in procedural default of her issue. *Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo March 11, 2003, no pet.). Issue seven is overruled.

**ISSUE EIGHT—DE JORAN'S ALLEGED DISCOVERY VIOLATIONS**

Tomecia asserts that De Joran should not have been allowed to offer any evidence due to discovery violations. We disagree.

10

Generally, Rule 193.6(a) of the Texas Rules of Civil Procedure provides for the exclusion of evidence when a party fails to make, amend, or supplement a discovery response related to that evidence. TEX. R. CIV. P. 193.6(a). During the hearing on temporary orders, De Joran offered into evidence Exhibits One through Seven and then during trial, he offered Exhibits Eight through Eleven and asked the trial court to take judicial notice of Exhibits One through Seven. The trial court took judicial notice of the exhibits and Tomecia did not object to admission of any of them. She cannot now, for the first time on appeal, complain of the admission of those exhibits without first having presented her complaint in the trial court. TEX. R. APP. P. 33.1(a)(1)(A). Issue eight is overruled.

**ISSUE NINE—ADMINISTRATIVE MISCONDUCT RESULTED IN INCOMPLETE RECORD**

Tomecia contends she "subpoenaed" the complete record but that due to administrative misconduct, subpoenas which were included with a "*Motion and Order Appointing Ad Litem for M.W.*" were not included. She further contends that an order for a motion for continuance was omitted. Her "argument" is that the omitted records "paint a different picture" and that is why they were omitted.

De Joran's response to this issue is a lack of understanding of Tomecia's complaint. He notes that she did not seek to supplement the clerk's record and that her allegation of "administrative misconduct" is a serious and unsubstantiated claim.

Tomecia's final issue is without merit. We find her complaint inadequately briefed and without citation to any authority to support her allegation of "administrative misconduct." TEX. R. APP. P. 38.1(i). As such, issue nine is overruled.

11

**OTHER FILINGS PENDING**

Over the course of this appeal, Tomecia filed numerous documents. Her challenge to the accuracy of the reporter's record was resolved against her after the appeal was abated and the cause was remanded to the trial court.[9] The result was an order from the trial court that there were no inaccuracies in the reporter's record. After briefs were filed, Tomecia filed various documents regarding her notice of appeal and for extensions to present written argument. We deny any requests pending in this Court.

**CONCLUSION**

The *Final Decree of Divorce* is affirmed.

Alex L. Yarbrough
Justice

---

[9] *See In the Matter of the Marriage of De Joran Wright and Tomecia L. Wright and In the Interest of M.J.W., a Child*, No. 07-22-00233-CV, 2023 Tex. App LEXIS 347, at *1–2 (Tex. App.—Amarillo Jan. 19, 2023, order).